UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
JAMES J. AYERS,

                       Plaintiff,                    MEMORANDUM AND ORDER
                                                                2:20-CV-1192 (RPK) (SIL)

                v.

SUFFOLK COUNTY DISTRICT ATTORNEY
OFFICE; SOUTHAMPTON TOWN POLICE
DEPT; TIMOTHY D. SINI, DA; BRANDON
DUBROW, PO #1294 Southampton Town Police
Officer; CHRISTOPHER FLOREA, PO #1261
Southampton Town Police Officer; MICHAEL
BURNS, Sgt. 1201 Southampton Town Police
Sgt.; JAMES CAVANAGH, #1206 Southampton
Town Police Sgt.; MICHAEL JOYCE, Sgt. #1143;
UNIESHA SCOTT; JEONTA SCOTT; PO
VECCHIO #195; PO JOHN BERINI #1242; PO
DAVID SANTORA #1231; PO ERICKA
MONCADA #1281,

                       Defendants.
-----------------------------------------------------------------

RACHEL P. KOVNER, United States District Judge:

      Plaintiff James J. Ayers, an inmate at the Suffolk County Correctional Facility, filed this *pro se* action raising claims concerning a January 2020 arrest against various Suffolk County and Town of Southampton entities and employees in their individual and official capacities. Plaintiff alleges both state law claims and claims the Court construes as brought under 42 U.S.C. § 1983. He also seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff's request to proceed *in forma pauperis* is granted. But plaintiff's complaint must be dismissed because it does not include factual allegations sufficient to state a claim on which relief may be granted. If plaintiff wishes to proceed with this case, he must submit an amended complaint that includes additional facts within 30 days of the date of this Order.

1

BACKGROUND

Plaintiff states in his complaint that "[o]n January 30, 2020, while plaintiff was at 110 Ludlum Avenue, at or about 7:30 pm Southampton Town Police Department Officers entered [the] home [and] arrested plaintiff falsely." Compl. at 5, Dkt. No. 1. He asserts that the defendants' conduct amounted to "false arrest, false imprisonment, civil Rights Violations, Assault[,] battery, abuse of process, Negligence, Negligent hiring, Negligent Supervision, Negligent training, Use of excessive force, Negligent infliction of emotional distress[,] malicious prosecution [and] Constitutional violation[s]." *Ibid.* He further asserts that he suffered "Emotional distress, Los[t] wages, Loss of liberty, Cruel and Unusual punishment" and violations of his civil rights because he was not "afforded equal protection of the law." *Ibid.* Plaintiff does not provide any additional facts about his arrest.

DISCUSSION

A.  Standard of Review

When an incarcerated person files a civil suit seeking redress from a governmental entity or from government officers or employees, the district court must "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). A district court is similarly obligated to dismiss any case brought *in forma pauperis* if the court determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At issue here is whether the complaint fails to state a claim.

When a court reviews a *pro se* litigant's complaint for failure to state a claim, the complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

B.  Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." To avoid dismissal for failure to state a claim under this rule, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ibid.* (quoting *Twombly*, 550 U.S. at 555). Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545.

Here, plaintiff fails to state a claim under any of his causes of action. He does not explain the basis for his assertion that he was arrested "falsely," Compl. at 5, nor does he provide any

3

factual support for his claims that the defendants committed other wrongful conduct, such as assault and battery. There is no information in the complaint that describes what happened during plaintiff's arrest or that explains how each defendant was involved in the alleged deprivation of plaintiff's rights. *Ibid.* While plaintiff does allege the date, location, and time that he was arrested, *ibid.*, these limited allegations are insufficient because they do not "permit the defendant[s] 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery,'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991)). Without more information, the Court is unable to identify the substance of plaintiff's claims even when the complaint is liberally construed.

## CONCLUSION

The complaint is dismissed under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). The Court grants plaintiff leave to file an amended complaint within 30 days. The new complaint must be captioned "Amended Complaint" and bear the same docket number as this Order: 2:20-cv-1192 (RPK) (SIL). If plaintiff files such a complaint, he must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is advised that the amended complaint will completely replace his original complaint, so any facts or claims that the plaintiff wishes to keep from his original complaint must be included in the amended complaint.

All further proceedings are stayed for 30 days. If plaintiff does not file an amended complaint within 30 days, judgment shall be entered dismissing the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

                                                                         */s/ Rachel Kovner*
                                                                       RACHEL P. KOVNER
                                                                       United States District Judge

Dated: April 28, 2020
       Brooklyn, New York