UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JAMES J. AYERS,

                              Plaintiff,

                 v.

SUFFOLK COUNTY DISTRICT ATTORNEY
OFFICE INC.; TIMOTHY D. SINI, D.A.;
BRANDON DUBROW #1294 Southampton Town
Police Officer; CHRISTOPHER FLOREA #1261
Southampton Town Police Officer;
SOUTHAMPTON TOWN POLICE
DEPARTMENT; MICHAEL JOYCE, Sgt. #1143;
JOE REHAL #1983, Parole Officer; L. TODD
#365, Senior Parole Officer; KENNETH
CASSIDY, Parole Officer; NEW YORK STATE
DEPARTMENT OF CORRECTIONS; JOSEPH
ERICKSON, Senior Parole Officer,

                              Defendants.

**MEMORANDUM & ORDER**
2:20-CV-1192 (RPK) (SIL)

---------------------------------------------------------------

RACHEL P. KOVNER, United States District Judge:

      Plaintiff James J. Ayers brings this *pro se* lawsuit to challenge an arrest in January 2020 and its aftermath. After I dismissed plaintiff's original complaint for failure to state a claim, plaintiff filed an amended complaint that makes additional factual allegations and alters the list of defendants. Am. Compl. (Dkt. #10). The amended complaint lists as defendants a number of parole and police officers, the District Attorney of Suffolk County, the Suffolk County District Attorney's Office, the Southampton Town Police Department, and the New York State Department of Corrections and Community Supervision ("DOCCS"). *Ibid.* Read liberally, it alleges violations of plaintiff's constitutional rights, state tort violations, and violations of federal criminal statutes. Having reviewed plaintiff's amended complaint, I dismiss three of the named

1

defendants—DOCCS, the Southampton Town Police Department, and Sergeant Michael Joyce. I also dismiss plaintiff's claims seeking to proceed against the defendants under criminal statutes.

## BACKGROUND

The following allegations are taken from the amended complaint and are assumed to be true for purposes of this Order. In January 2020, Southampton Town Police Officers Dubrow, Florea, and Vecchio entered a residence in Riverhead, New York, "without a warrant or probable cause to do so" and arrested plaintiff. Am. Compl. at 4. The officers "plac[ed] hands behind [plaintiff's] head and forc[ed] his head down," handcuffed him with "extreme restraining force," and detained him in a police car for two hours. *Ibid.* Plaintiff states that during that time, the officers "conspired to articulate [a] reason for their abuse of authority." *Ibid.* He suggests that they "falsif[ied] accusative instrument documents" to "cover-up the misconduct displayed." *Id.* at 1a.*

Plaintiff was arraigned in Southampton Town Court on the charge of "Criminal Contempt 2," which plaintiff alleges was "created" by defendants Florea and Dubrow "to cover up their misconduct." *Id.* at 2a. Plaintiff alleges that during the arraignment, the Suffolk County District Attorney or his representatives engaged in "deceit[ful]" and "malicious" conduct and "unlawfully . . . changed [plaintiff's] legal status and standing by declaring him to be a fictitious entity instead of a natural person." *Id.* at 3a. Upon plaintiff's release, the District Attorney's office "maliciously contacted community supervision . . . with false accusations and statements." *Id.* at 4a.

Shortly thereafter, Parole Officer Joe Rehal contacted plaintiff and requested that he "bring [his] appearance ticket" to the parole office in Bohemia. *Ibid.* Plaintiff went to the office as

---

\*   The complaint includes an addendum inserted between pages 4 and 5 of the form complaint. The addendum pages are numbered 1 through 12 and then 1 again. I refer to those pages as pages 1a through 13a.

requested. There, plaintiff met with Parole Officer L. Todd, and defendant Rehal conducted a urinalysis. *Id.* at 5a-6a. Plaintiff was then taken into custody by defendants Todd and Rehal. *Ibid.* Several days later, plaintiff's parole officer, Kenneth Cassidy, served him with a notice of violation on the grounds that he "violated an order of protection and a NYS parole special condition" by going to the home of a certain individual and "test[ing] positive for marijuana during a NYS parole urine test." *Id.* at 6a-7a. In response to an objection that plaintiff had not violated the order of protection, plaintiff's parole officer indicated that he was trying to "help out" defendant Rehal. *Id.* at 7a. Plaintiff further suggests that additional violations of his constitutional rights occurred in connection with his parole hearing. *Id.* at 8a-12a.

Plaintiff asserts that defendants' conduct amounts to "[a]ssault[,] battery, [n]egligent [s]upervision, malicious prosecution, false arrest, false imprisonment, [n]egligent training, [n]egligent hiring," "emotional distress," "mental distress," "loss of life and liberty," "los[t] wages," "abuse of process," and "cruel and unusual punishment," among other forms of misconduct. *Id.* at 4, 13a, 5. Plaintiff also suggests that defendants violated several federal criminal statutes. *Id.* at 13a. Plaintiff seeks damages and injunctive relief, and the initiation of federal criminal charges. *Id.* at 5.

## DISCUSSION

I. Standard of Review

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must similarly dismiss any civil suit filed by an incarcerated person seeking redress from a governmental entity or from government officers or

3

employees "if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009).

II. <u>Improper Defendants</u>

The amended complaint lists two defendants who are not proper parties to this lawsuit— DOCCS and the Southampton Town Police Department.

A.     DOCCS

The Eleventh Amendment bars plaintiff's claims against DOCCS because DOCCS is an arm of the state.  State governments may not be sued in federal courts by private parties "unless they have waived their Eleventh Amendment immunity or unless Congress" has abrogated it, *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotations and citations omitted); *see Va. Office for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253-54 (2011), neither of which occurred here, *see Li v. Lorenzo*, 712 F. App'x 21, 22 (2d Cir. 2017).  This sovereign immunity extends to "'state instrumentalities' that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. School Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (quoting *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997)).  Because "[t]here can be no dispute that DOCCS is an agency and arm of the State of New York," *Czerwinski v. New York State Dep't of Corr. & Cmty. Supervision*, 394 F. Supp. 3d 210, 227 (N.D.N.Y. 2019), the claims against DOCCS are barred by the Eleventh Amendment, *see Dimps v. Taconic Corr. Facility*, 802 F. App'x 601, 603 (2d Cir. 2020) (affirming dismissal of several claims against DOCCS based on Eleventh Amendment).

B.     The Southampton Town Police Department

Plaintiff's claims against the Southampton Town Police Department must also be dismissed.  "[D]epartments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dep't*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (citations omitted).  The department is an arm of the Southampton Town government.  *See* Southampton Town Code §§ 19-1, 19-3; *Arum v. Miller*, 331 F. Supp. 2d 99, 107 (E.D.N.Y. 2004) ("[U]nder New York law, a town police department is not a suable entity." (citation omitted)); *see also Kiernan v. Town of*

5

*Southampton*, No. 14-CV-1831 (SJF) (AKT), 2015 WL 1258309, at *10 (E.D.N.Y. Mar. 17, 2015). Claims against the department are therefore dismissed because the department cannot sue or be sued.

Moreover, the portions of plaintiff's complaint concerning the Southampton Town Police Department would fail to state a claim even if plaintiff had instead named the Town of Southampton as a defendant. A municipality can only be held liable under Section 1983 if an "action pursuant to official municipal policy of some nature" caused a deprivation of rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). Accordingly, to hold a municipality liable under Section 1983, a plaintiff must plead and prove (i) the existence of "an official policy or custom," that (ii) "causes the plaintiff to be subjected to," (iii) a "denial" of a federally guaranteed right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). Here, plaintiff has not alleged that any deprivation of his rights was connected to a municipal policy. As a result, even if plaintiff had named the Town of Southampton as a defendant, his claim against the Town would be subject to dismissal. If plaintiff chooses to file another amended complaint, he may include the Town of Southampton as a defendant if he sets out a good-faith basis for alleging that his rights were violated because of a municipal policy or custom attributable to the Town.

III. <u>Claims Against Sergeant Joyce</u>

Plaintiff's claims against Sergeant Joyce must also be dismissed. Liberally read, the complaint brings claims against Sergeant Joyce for alleged violations of plaintiff's constitutional rights under 42 U.S.C. § 1983 and for state law torts. But the complaint contains no factual allegations about Sergeant Joyce that would allow the Court "to draw the reasonable inference that

[Sergeant Joyce] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Indeed, Sergeant Joyce is not mentioned anywhere in the body of the complaint. Because plaintiff has made no factual allegations about Sergeant Joyce's involvement in any constitutional violation or state tort, the claims against Sergeant Joyce are dismissed for failure to state a claim.

IV.   Criminal Prosecution of Defendants

Insofar as plaintiff seeks to bring claims under federal criminal statutes, those claims must be dismissed. Plaintiff invokes the criminal provisions of 18 U.S.C. §§ 241-242, *see* Am. Compl. at 13a, and seeks the federal prosecution of defendants "who committed perjury, fraud and c[o]rruption," *id.* at 5. But private parties generally lack standing to invoke judicial processes in efforts to obtain the criminal prosecution of others. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). And "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *Greenlaw v. United States*, 554 U.S. 237, 246 (2008) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)); *see United States v. Sanchez*, 517 F.3d 651, 670 (2d Cir. 2008). Accordingly, plaintiff may not seek to initiate federal prosecutions through this lawsuit.

CONCLUSION

Plaintiff's claims against DOCCS, the Southampton Town Police Department, and Sergeant Michael Joyce are dismissed. Plaintiff's claims seeking criminal prosecutions are also dismissed. The remaining claims against the remaining defendants may proceed, pending the defendants' appearances. The Clerk of the Court is directed to issue a summons against the remaining defendants at the addresses provided in the amended complaint. While Administrative Order No. 2020-19-1 suspends service of process by United States Marshals Service (USMS)

8

during the current national coronavirus emergency, the USMS shall serve the defendants when it is safe to do so.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                    */s/ Rachel Kovner*
                                                    RACHEL P. KOVNER
                                                    United States District Judge

Dated: October 28, 2020
       Brooklyn, New York