UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES J. AYERS,

                Plaintiff,                  **MEMORANDUM AND ORDER**

        v.                                  20-CV-1192 (RPK) (SIL)

SUFFOLK COUNTY DISTRICT ATTORNEY
OFFICE, TIMOTHY D. SINI, D.A.,
BRANDON DUBROW, PO #1294 Southampton
Town Police Officer, CHRISTOPHER FLOREA,
PO #1261 Southampton Town Police Officer,
SOUTHAMPTON TOWN POLICE
DEPARTMENT, MICHAEL JOYCE, Sgt. #1143
Southampton Town Police Dept. Agent Supervisor,
JOE REHAL, #1983 Parole Officer, L. TODD,
#365 Sr. Police Officer, KENNETH CASSIDY,
Parole Officer, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION, INC., and
JOSEPH ERICKSON, Sr. Parole Officer,

                Defendants.
-----------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

       *Pro se* plaintiff James J. Ayers filed this action alleging violations of his constitutional rights and his rights under New York state tort law. For the reasons that follow, plaintiff's claims against District Attorney Timothy D. Sini and the Suffolk County District Attorney Office are dismissed. Plaintiff's claims against Officers Brandon Dubrow and Christopher Florea for unlawful entry, fabrication of evidence, and conspiracy to fabricate evidence in violation 42 U.S.C. § 1983 are also dismissed. Plaintiff's claims against those officers for excessive force and false arrest in violation of Section 1983 may proceed, as may plaintiff's claim for false arrest in violation of New York law.

1

## BACKGROUND

The following allegations are taken from the amended complaint and are assumed to be true for purposes of this Order.

### A. Allegations Regarding Officers Dubrow and Florea

In January 2020, three Southampton Town Police officers, including defendants Dubrow and Florea, entered a residence in Riverhead, New York, "without a warrant or probable cause to do so." Am. Compl. 7 (Dkt. #10) (ECF Pagination). Plaintiff does not allege whether the home was his or someone else's. *Ibid.*

The officers arrested plaintiff. According to plaintiff, they "plac[ed] [plaintiff's] hands behind [his] head and forc[ed] his head down . . . toward [his] midsection . . . while [he was] sitting on [the] couch of the residence." *Ibid.* The officers then handcuffed him with "extreme restraining force" and detained him in a police car for two hours. *Ibid.* According to plaintiff, this arrest occurred "without probable cause" and "without a crime being committed." *Ibid.*

During the two hours that plaintiff was detained in the police car, the officers "conspired to articulate [a] reason for their abuse of authority." *Ibid.* Officer Dubrow then "pleaded with" plaintiff "to provide him with [a] home address" and told plaintiff that the officers would then take plaintiff home "without arresting him." *Id.* at 8. Plaintiff refused to speak. *Ibid.*

Plaintiff states that Officers Dubrow and Florea, along with a third officer, then "conspired" to create a "false narrative" and "falsif[ied] accusative instrument documents" to cover up the fact that officers had engaged in misconduct and plaintiff had not committed a crime. *Ibid.*

2

Specifically, plaintiff alleges that the officers fabricated a charge of "Criminal Contempt 2," on which he was then arraigned in Southampton Town Court. *Ibid*.

### B. Allegations Regarding District Attorney Sini and the Suffolk County District Attorney's Office

Plaintiff alleges that the Suffolk County District Attorney or his representatives engaged in "deceit[ful]" and "malicious" conduct during the arraignment. *Id*. at 10. He further alleges that the District Attorney's Office contacted his parole officer and communicated "false accusations and statements." *Ibid*. When plaintiff later attended a meeting with his parole officer, he was arrested for violating "an order of protection and a NYS parole special condition" by going to the home of a particular individual and also for "test[ing] positive for marijuana during a NYS parole urine test." *Id*. at 10-14. As of the time of the filing of his amended complaint, plaintiff remained incarcerated at the Suffolk County Correctional Facility. *See id*. at 21.

### C. Relief Sought and Procedural History

Plaintiff asserts that defendants' conduct amounts to "assault, battery, negligent supervision, malicious prosecution, false arrest, false imprisonment, negligent training, negligent hiring," *id*. at 7, "negligence, abuse of process," "discrimination," "violat[ion of] CDC federal guidelines" related to the COVID-19 pandemic, violations of 18 U.S.C. §§ 241-42, "[i]nfliction of fraud by conduct," "cruel and unusual punishment," and violations of the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendments, *id*. at 20-21.

Defendants Sini and the Suffolk County District Attorney Office have now moved to dismiss the claims against them. *See* Mot. to Dismiss (Dkt. #41). Officers Dubrow and Florea

3

have separately moved to dismiss plaintiff's claims of conspiracy, illegal entry, false arrest, fabrication of evidence, and excessive force. *See* Mot. to Dismiss (Dkt. #42). Plaintiff has not filed a brief in opposition to either motion to dismiss.

Parole Officers L. Todd, Joe Rehal, and Kenneth Cassidy have not yet appeared in this action.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

At the motion-to-dismiss stage, a court may consider only (i) the complaint itself, (ii) documents either attached to the complaint or incorporated in it by reference, (iii) documents the plaintiff relied on and knew of when bringing suit, and (iv) matters in the public record that are subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999).

When reviewing the complaint on a motion to dismiss, the court must accept all facts alleged in a complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id.* at 678-79.

## DISCUSSION

Plaintiff's claims against District Attorney Sini are dismissed based on prosecutorial immunity. Plaintiff's claims against the Suffolk County District Attorney's Office are dismissed because that office is a non-suable entity. As explained below, Officer Dubrow and Florea's motion to dismiss plaintiff's Section 1983 claims of unlawful entry, fabrication of evidence, and conspiracy to fabricate evidence is granted, but their motion to dismiss plaintiff's claims of excessive force and false arrest is denied.

### I. Claims Against District Attorney Sini

The claims against District Attorney Sini are dismissed based on prosecutorial immunity. "[P]rosecutors enjoy 'absolute immunity from § 1983 liability for those prosecutorial activities intimately associated with the judicial phase of the criminal process.'" *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022) (quoting *Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987)). "The immunity covers 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate.'" *Ibid.* (citation omitted). Read generously, plaintiff alleges that District Attorney Sini or his subordinates conspired with police officers to knowingly charge plaintiff with a crime he did not commit. *See* Am. Compl. 10. Prosecutorial immunity shields prosecutors against claims that they brought false charges or conspired to do so. *Anilao*, 27 F.4th at 864. Plaintiff also suggests that prosecutors then communicated false information related to

5

those charges to plaintiff's parole officer. *See* Am. Compl. 10. But those claims are also barred, because the Second Circuit has held that transmission of information to parole authorities is "'intimately associated with the judicial phase of the criminal process,' and [the prosecutor] is therefore entitled to absolute immunity." *Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir. 1988) (per curiam) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) and citing *Barr*, 810 F.2d at 360-61); *see, e.g.*, *Romer v. Travis*, No. 00-CV-8671 (KMW) (AJP), 2001 WL 220115, at *5 (S.D.N.Y. Jan. 31, 2001); *Quartararo v. Catterson*, 917 F. Supp. 919, 953-54 (E.D.N.Y. 1996); *Hrubec v. City of New York*, No. 93-CV-8367 (SS), 1995 WL 422023, at *2-3 (S.D.N.Y. July 18, 1995). The claims against District Attorney Sini are therefore dismissed.

## II. Claims Against the Suffolk County District Attorney's Office

Plaintiff's claims against Suffolk County District Attorney's Office are dismissed because that office is a non-suable entity. Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued. *See Henry v. Cnty. of Nassau*, 6 F.4th 324, 336 (2d Cir. 2021) (citing *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007)).

Because the Suffolk County District Attorney's office is an administrative arm of a municipality, it is a non-suable entity. *See, e.g.*, *Leshore v. Comm'r of Long Beach P.D.*, No. 10-CV-6067 (SJF) (ARL), 2012 WL 1032643, at *7 (E.D.N.Y. Mar. 21, 2012) (collecting cases); *Allen v. New York*, No. 15-CV-3653 (JS) (AYS), 2015 WL 6507477, at *3 (E.D.N.Y. Oct. 27, 2015) (collecting cases). Accordingly, claims against the Suffolk County District Attorney's office are dismissed.

### III. Claims Against Officers Dubrow and Florea

Officers Dubrow and Florea move to dismiss plaintiff's Section 1983 claims for unlawful entry, fabrication of evidence, conspiracy to fabricate evidence, excessive force, and false arrest, as well as plaintiff's state-law claim for false arrest. *See generally* Defs.' Mem. of L. in Support of Mot. to Dismiss (Dkt. #42-10) ("Defs.' Mem."). For the reasons that follow, plaintiff lacks standing to assert a Section 1983 unlawful entry claim, and his claims against Officers Dubrow and Florea for Section 1983 fabrication of evidence and conspiracy to fabricate evidence are inadequately pleaded. But plaintiff's claims for excessive force and false arrest may proceed.

#### A. Unlawful Entry

Plaintiff lacks standing to assert a claim for an unlawful entry. The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. Const. amend. IV. "The home has properly been regarded as among the most highly protected zones of privacy, and the sanctity of private dwellings is ordinarily afforded the most stringent Fourth Amendment protection." *Chamberlain Est. of Chamberlain v. City of White Plains*, 960 F.3d 100, 105 (2d Cir. 2020) (citation and internal quotation marks omitted). Yet "Fourth Amendment rights are personal rights . . . [that] may not be vicariously asserted." *United States v. Haqq*, 278 F.3d 44, 47 (2d Cir. 2002) (internal quotation marks omitted) (quoting *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978)). "Accordingly, a defendant's Fourth Amendment rights are violated 'only when the challenged conduct invaded *his* legitimate expectation of privacy rather than that of a third party.'" *Ibid.* (emphasis in original) (quoting *United States v. Payner*, 447 U.S. 727, 731 (1980)). "A defendant can demonstrate that his own legitimate expectation of privacy has been infringed by showing that he owns the premises or property subjected to search [or entry], or by

7

showing that he occupies and has dominion and control over the premises or property by leave of the owner." *United States v. Sanchez*, 635 F.2d 47, 63-64 (2d Cir. 1980) (citations omitted).

Here, plaintiff has not set forth facts indicating he has standing to claim unlawful entry. Plaintiff alleges that officers entered a home without a warrant or probable cause, *see* Am. Compl. 7, but he does not allege that the home was his. Indeed, plaintiff later describes Officer Dubrow asking plaintiff to provide his home address so that Officer Dubrow could take him home, *id.* at 7-8, but he does not suggest he was in fact at his home when the entry occurred. Because plaintiff does not allege that he occupied and had control over the home at issue by leave of the owner, plaintiff lacks standing to bring a claim for unlawful entry. *See, e.g.*, *Niles v. O'Donnell*, No. 17-CV-1437 (LTS) (BCM), 2019 WL 1411068, at *10 (S.D.N.Y. Feb. 21, 2019), *report and recommendation adopted*, No. 17-CV-1437 (LTS) (BCM), 2019 WL 1409443 (S.D.N.Y. Mar. 28, 2019).

### B. Fabrication of Evidence

Officer Dubrow and Florea's motion to dismiss plaintiff's claim for fabrication of evidence—or conspiracy to fabricate evidence—is granted. "[T]o establish a [S]ection 1983 fair-trial claim based on fabrication of evidence, a plaintiff must demonstrate that 'an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result.'" *Smalls v. Collins*, 10 F.4th 117, 132 (2d Cir. 2021) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016)); *see Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). The elements of a Section 1983 conspiracy are: "(1) an agreement between two or more state actors or between a state actor and

8

a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." *Pangburn v. Culbertson*, 200 F.3d 65, 72 (2d Cir. 1999). Plaintiff's allegations of fabrication are too conclusory to survive dismissal. Plaintiff alleges only that officers "conspired" to create a "false narrative" and "falsif[ied] accusative instrument documents." Am. Compl. 7-8. Courts frequently dismiss similarly conclusory allegations. *See, e.g.*, *Hutchins v. Solomon*, No. 16-CV-10029 (KMK), 2018 WL 4757970, at *16 (S.D.N.Y. Sept. 29, 2018) (collecting cases). Accordingly, any claim pertaining to fabrication of evidence is dismissed.

### C. Excessive Force

Plaintiff's claim of excessive force in violation of Section 1983 is not amenable to resolution on a motion to dismiss. Whether force is excessive in violation of the Fourth Amendment depends on whether the use of force was "'objectively reasonable' in light of the facts and circumstances confronting" officers. *Graham v. Connor*, 490 U.S. 386, 397 (1989) (quoting *Scott v. United States*, 436 U.S. 128, 137-39 (1978)). This test balances "the nature and quality of the intrusion" against "the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). Relevant factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Ibid.* The record is assessed "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Ibid.* Given "the fact-specific nature of the inquiry on an excessive force claim," such claims are often not amenable to early resolution. *Lennox v. Miller*, 968 F.3d 150, 155 (2d Cir. 2020); *see Oakley v. Dolan*, 980 F.3d 279, 284 (2d Cir. 2020).

Officer Dubrow and Florea's motion to dismiss this claim is denied. Plaintiff alleges that Officers Dubrow and Florea used force against him when those officers "caused assault and battery by placing [plaintiff's] hands behind his head and facing his head down . . . toward [his] midsection," and "forc[ed] handcuffs on plaintiff with extreme restraining force." Am. Compl. 7. Plaintiff further asserts that officers lacked probable cause to arrest him when they used this force. *Ibid.* In contending that plaintiff's excessive force claims should be dismissed, Officers Dubrow and Florea rely on factual allegations outside the complaint—apparently drawn from a police incident report, deposition, and similar documents. *See* Defs.' Mem. 8-9. Specifically, they suggest that their use of force was reasonable because they were removing plaintiff from a home at the request of the home's occupant, after plaintiff had refused to leave. *Id.* at 14. But those assertions are not contained in the complaint or in documents that the complaint incorporates by reference or that plaintiff relied on in bringing suit. *See ATSI Commc'ns, Inc.*, 493 F.3d at 98. Nor are the facts in these extrinsic documents susceptible to judicial notice as facts "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *United States v. Bari*, 599 F.3d 176, 180 (2d Cir. 2010) (alteration and internal quotation marks omitted) (quoting Fed. R. Evid. 201(b)-(c)). I accordingly decline to rely on them and deny the motion to dismiss the excessive-force claim.

### D. False Arrest

For similar reasons, Officer Dubrow and Florea's motion to dismiss plaintiff's false-arrest claims is denied. Under the Fourth Amendment and New York law, "[t]he elements of a false arrest . . . claim are that (1) a 'defendant intended to confine the plaintiff, (2) the plaintiff

10

was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019) (quoting *McGowan v. United States*, 825 F.3d 118, 126 (2d Cir. 2016) (per curiam)) (describing elements of Fourth Amendment false-arrest claim); *see Broughton v. State*, 37 N.Y.2d 451, 456 (N.Y. 1975) (noting the same elements under New York law). An arrest is privileged if "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." *Jaegly v. Couch*, 439 F.3d 149, 153 (2d Cir. 2006) (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)); *see Jenkins*, 478 F.3d at 84.

Officers Dubrow and Florea argue that they are entitled to dismissal of plaintiff's false-arrest claim because they had probable cause to arrest plaintiff. Specifically, they argue that they had probable cause to believe plaintiff was trespassing in violation of New York law, because plaintiff was "present in the residence of an individual who had requested that he leave." Defs.' Mem. 11. But because these assertions are not contained in the complaint or incorporated documents, and are not susceptible to judicial notice, they are not properly considered in resolving a motion to dismiss. The same problem forecloses the officers' claims of qualified immunity. *See, e.g.*, *Williams v. City of Mount Vernon*, 428 F. Supp. 2d 146, 157 (S.D.N.Y. 2006) (rejecting, on a motion to dismiss, an argument that officers were entitled to qualified immunity because, "assuming the facts alleged in the Complaint, the police were not engaged in lawful conduct"). Accordingly, Officer Dubrow and Florea's motion to dismiss is denied for this claim.

11

## CONCLUSION

Plaintiff's claims against District Attorney Sini and the Suffolk County District Attorney Office are dismissed. Plaintiff's claims against Officers Dubrow and Florea for Section 1983 unlawful entry, fabrication of evidence, and conspiracy to fabricate evidence are also dismissed. Plaintiff's remaining claims may proceed.

SO ORDERED.

                                                 */s/ Rachel Kovner*
                                                 RACHEL P. KOVNER
                                                 United States District Judge

Dated: September 28, 2022
       Brooklyn, New York