```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMES J. AYERS,

                        Plaintiff,                              MEMORANDUM AND ORDER
                                                                    20-CV-1192 (RPK)
        v.

SUFFOLK COUNTY DISTRICT ATTORNEY
OFFICE INC.; TIMOTHY D. SINI, D.A.;
BRANDON DUBROW #1294 Southampton
Town Police Officer; CHRISTOPHER
FLOREA #1261 Southampton Town Police
Officer; JOE REHAL #1983, Parole Officer;
L. TODD #365, Senior Parole Officer;
KENNETH CASSIDY, Parole Officer;
JOSEPH ERICKSON, Senior Parole Officer,

                        Defendants.
-----------------------------------------------------------x
```

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff James Ayers filed this case on February 28, 2020.  See Compl. (Dkt. #1). He filed an amended complaint on May 19, 2020.  *See* Am. Compl. (Dkt. #10).  Several defendants moved to dismiss the claims against them on January 22, 2021, and several additional defendants moved to dismiss the claims against them on May 21, 2021.

Plaintiff did not respond to defendants' motions to dismiss and has stopped participating in this case.  After the Court in July 2021 extended plaintiff's deadline to respond to the motions to dismiss until September 7, 2021, *see* Order dated 7/23/2021, and then *sua sponte* extended plaintiff's time to respond to May 9, 2022, *see* Order dated 4/5/2022, plaintiff filed no opposition. The Court decided the motions to dismiss on September 28, 2022, *see* Mem. & Order dated 9/28/2022 (Dkt. #48), and the next day issued an order to show cause directing plaintiff to explain why he had failed to abide by the Court's orders and to indicate whether he intended to pursue his

1

claims, *see* Order to Show Cause dated 9/29/2022. Those two orders were mailed to plaintiff's address at the Suffolk County Correctional Facility but were returned as undeliverable with a note indicating that plaintiff had been discharged. *See* Mail Returned as Undeliverable (Dkt. #50) (dated 10/24/2022). On November 2, 2022 the Court ordered plaintiff to file a letter by December 1, 2022, updating his address and, once again, indicating whether he intended to continue pursuing his claims. *See* Order dated 11/2/2022. That order, which advised plaintiff that failure to respond would likely result in dismissal for failure to prosecute, was again returned as undeliverable. *See* Mail Returned as Undeliverable (Dkt. #51) (dated 11/19/2022). For the reasons that follow, plaintiff's action is dismissed without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (brackets omitted) (quoting Fed. R. Civ. P. 41(b)). Although the text of Rule 41(b) refers to a defendant's "mo[tion] to dismiss the action or any claims against it," Fed. R. Civ. P. 41(b), it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). To determine whether dismissal is appropriate, a district court must weigh:

(1) whether plaintiff "caused a delay of significant duration";

(2) whether plaintiff was "given notice that further delay would result in dismissal";

(3) whether defendant was "likely to be prejudiced by further delay";

2

(4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against plaintiff's right to an opportunity for a day in court"; and

(5) whether lesser sanctions would be effective.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

While dismissal is a "harsh remedy to be utilized only in extreme situations," *Drake*, 375 F.3d at 254, "the authority to invoke it for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts,'" *Peters-Turnbull v. Bd. of Educ. of City of New York*, 7 F. App'x 107, 109 (2d Cir. 2001) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp.*, 682 F.2d at 43 (quoting Fed. R. Civ. P. 41(b)).

## DISCUSSION

All five Rule 41(b) factors favor dismissal here.

First, plaintiff has caused a significant delay. Plaintiff has not been in contact with the Court since filing a letter regarding his time to respond to the motions to dismiss on July 16, 2021. *See* Letter dated 7/16/2021. In the time since, plaintiff has failed to oppose defendants' motions to dismiss, ignored multiple court-ordered deadlines to submit his briefing, and has not informed the Court of his new address since being discharged from prison. Days or weeks of delay "typically do[] not warrant dismissal." *Chavis v. City of New York*, No. 17-CV-9518 (PAE) (BCM), 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL 6528238 (S.D.N.Y. Dec. 11, 2018). But courts have consistently found that delays of four to five

months counsel in favor of that outcome. *See, e.g., Greene v. City of New York*, No. 19-CV-873 (ARR) (RER), 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting decisions dismissing for failure to prosecute following delays of "five months or less"), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020); *Kent v. Scamardella*, No. 07-CV-844 (SHS), 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) (delay of three months "weigh[ed] strongly in favor of dismissal" when it "functioned as a complete block to moving th[e] litigation forward"); *Chavis*, 2018 WL 6532865, at *3 (four months); *see also Lyell Theatre Corp.*, 682 F.2d at 42-43 (noting that "persistent late filings of court ordered papers . . . . may warrant dismissal after merely a matter of months").

Second, the Court twice warned that further delay would likely result in dismissal for failure to prosecute. *See* Order dated 9/29/2022; Order dated 11/2/2022. Those orders were sent to plaintiff at the mailing address he gave the Court but were returned as undeliverable. If plaintiff therefore did not receive actual notice of the Court's orders, responsibility for that miscommunication lies with him. *See, e.g., Terry v. City of New York*, No. 20-CV-81 (ER), 2020 WL 5913409, at *2 (S.D.N.Y. Oct. 6, 2020) (explaining that "it remained [plaintiff's] duty to diligently pursue his case and to inform this Court's *Pro Se* Office of any change of address") (quotation marks omitted); *Greene v. Sposato*, No. 16-CV-1243 (JMA) (ARL), 2019 WL 1559421, at *1 (E.D.N.Y. Apr. 9, 2019) ("The duty to inform the Court and defendants of any change of address is an obligation that rests with all *pro se* plaintiffs.") (quotation marks omitted) (collecting cases); *Chavis*, 2018 WL 6532865, at *4 (collecting cases); *English v. Azcazubi*, 13-CV-5074 (RRM) (LB), 2015 WL 1298654, at *2 (E.D.N.Y. Mar. 20, 2015) ("[W]hen a party, even a *pro se* litigant, changes addresses, it is that party's obligation to notify the Court of the new address.").

Third, defendants are "likely to be prejudiced by further delay." *LeSane*, 239 F.3d at 209. Courts may presume such prejudice where, as here, plaintiff has caused an "unreasonable delay." *Id.* at 210 (quotations omitted); *see, e.g., Terry*, 2020 WL 5913409, at *2.

Fourth, dismissal without prejudice properly strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. The interest in alleviating docket congestion strongly favors closing a case that has stalled for many months due to plaintiff's failure to comply with court orders and in which plaintiff has not participated for nearly fifteen months. But *pro se* litigants "should be granted special leniency regarding procedural matters" in the context of Rule 41(b). *Ibid.* Dismissal without prejudice adequately balances those interests in this case, by serving "the district court's need to clear its calendar without unduly penalizing a *pro se* litigant for failing to comply with a scheduling order." *Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010); *see, e.g., Reynel v. Barnhart*, No. 01-CV-6482 (RLE), 2002 WL 2022429, at *1 (S.D.N.Y. Sept. 3, 2002) (concluding that a dismissal for failure to prosecute should be without prejudice "[g]iven the plaintiff's *pro se* status").

Finally, because plaintiff has failed to respond to court orders over a lengthy period, and plaintiff's *in forma pauperis* status indicates that he would be unable to pay a monetary sanction, I cannot conclude that any sanction less than dismissal without prejudice would be efficacious. *See LeSane*, 239 F.3d at 209.

## CONCLUSION

Plaintiff's action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would

5

not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      SO ORDERED.

                                      */s/ Rachel Kovner*
                                      RACHEL P. KOVNER
                                      United States District Judge

Dated: December 14, 2022
       Brooklyn, New York